IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONIKKA Q. RAINES, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 19 C 5828 |
| CORNELIUS RAINES, ANGELA RAINES | ) Judge Virginia M. Kendall |
| *Defendants*. | ) |

**MEMORANDUM ORDER AND OPINION**

Before the Court is Plaintiff's application to proceed *in forma pauperis*. (Dkt. 4.) For the reasons set forth below, Plaintiff's application (Dkt. 4) is denied. The Court also dismisses Counts II, III, and IV of Plaintiff's complaint (Dkt. 1) without prejudice.

**I.** *In Forma Pauperis* **Application**

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Plaintiff to proceed *in forma pauperis* if she is unable to pay the mandated filing fee. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff is eligible to proceed *in forma pauperis* if paying the filing fee would prevent her from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Plaintiff makes approximately $7,488 per year in wages from her employment at Home Instead. (Dkt. 4 at p. 1.) She has also received $27,720 in pensions and social security income in the last twelve months and $936 in additional wages. (*Id.* at p. 2.) She has no dependents. (*Id.* at p. 3.) Plaintiff's total income of over $35,000 over the course of the last twelve months greatly exceeds the 2020 Federal Poverty Guideline Level for a household of one, $12,490. She

1

also owns a new car and a condominium. (*Id.* at p. 3.) Paying the filing fee will not prevent her from purchasing the necessities of life. Her application to proceed *in forma pauperis* (Dkt. 4) is therefore denied. Plaintiff must pay the filing fee if she wishes to proceed with this case.

**II.    Complaint**

The Court must also screen Plaintiff's complaint and dismiss the complaint if the Court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Rule 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)).

In her complaint, Plaintiff alleges four counts of common law tort violations stemming from her brother Cornelius Raines's refusal to distribute funds to Plaintiff upon the death of the parties' mother, Carrie Raines. Plaintiff claims that she was entitled to her "share of the money," which amounted to "$35,000 plus interest." (Dkt. 1 at p. 3.) She also seeks punitive damages that bring her claims over the $75,000 amount-in-controversy threshold for diversity jurisdiction. *See LM Ins. Corp. v. Spaulding Enter.*, 533 F.3d 542, 551 (7th Cir. 2008) (explaining that punitive damages can be used to satisfy the amount in controversy requirement).

To determine whether Plaintiff's complaint has stated claims under each of the four alleged torts, the Court must first determine which state's law applies. As a federal court sitting in diversity, we apply the choice-of-law rules of our forum state, Illinois. *See CSX Transp., Inc. v. Chicago N.W. Transp. Co.*, 62 F.3d 185, 188 (7th Cir. 1995). Illinois's choice-of-law rule provides that the law of the place of injury governs tort claims. *Townsend v. Sears, Roebuck and Co.*, 879 N.E.2d 893, 903 (Ill. 2007). In this case, Plaintiff alleges that she has not received money that she was due to receive in Illinois and has suffered emotional and economic injury in Illinois as a result. Therefore, Illinois tort law governs this matter.

## *Count I: Conversion*

Plaintiff alleges one count of conversion against Defendants for withholding funds that she alleges rightfully belong to her. To state a claim for conversion under Illinois law, a plaintiff must allege that "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *In re Karavidas*, 999 N.E.2d 296 (Ill. 2013) (quotations omitted).

Plaintiff has successfully alleged each element of conversion: that is, she claims that she entered into an agreement with Defendants under which upon the death of Carrie Raines, Defendants would transfer $35,000 to her from Carrie Raines's bank account. On account of Plaintiff's agreement with Defendants, Plaintiff alleges that she has an absolute right to those funds. She has made demands for possession of those funds, and she alleges that Defendants maintain control over those funds despite her demands. Plaintiff has therefore stated a claim for conversion.

*Count II: Willful & Wanton Conduct*

Plaintiff alleges one count of willful and wanton conduct against Defendants for withholding funds that she alleges rightfully belong to her. Under Illinois law, willful and wanton conduct is not an independent tort; rather it is regarded "as an aggravated form of negligence." *Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 887 (Ill. 2012). To state a claim for wanton and willful conduct, then, a plaintiff must plead the basic elements of a negligence claim (duty, breach, causation, and damages) plus "a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Id.*

Plaintiff has failed to state a claim for willful and wanton conduct because while she generally alleges that Defendants owed her a duty, (Dkt. 1 at ¶ 26) she does not explain the basis for this duty. Likewise, she alleges that Defendants' refusal to give her the funds to which she alleges she is entitled was "an intentional act of malice exhibiting reckless disregard for the safety of others." (Dkt. 1 at ¶ 28.) Plaintiff does not allege any factual basis for her claim that the alleged wrongful withholding put her in danger or otherwise constituted a deliberate or conscious disregard for her welfare. Plaintiff has failed to state a claim for willful and wanton conduct, so the court dismisses Count II without prejudice.

*Count III: Intentional Infliction of Emotional Distress*

Plaintiff alleges one count of intentional infliction of emotional distress ("IIED") stemming from the same alleged conduct described in Counts I and II. For a plaintiff to establish a claim for IIED in Illinois, she must plead three elements. "First, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress." *Feltmeier v. Feltmeier*,

798 N.E.2d 75, 80 (Ill. 2003). To qualify as extreme and outrageous, the alleged conduct "must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community." *Id.* at 83.

Withholding money that rightfully belongs to another does not go beyond all bounds of human decency as contemplated by the Illinois common law. Alleging a claim for IIED requires conduct that is more extreme than what Plaintiff has alleged here. *Compare Feltmeier*, 798 N.E.2d at 86 (eleven years of psychological and physical abuse between spouses qualifies as extreme and outrageous conduct); *Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d 201, 212 (Ill. 1992) (statement broadcast on a radio program that defendant's wife and child were hideous and had deformed heads due to "Elephant Man's disease" was extreme and outrageous); *with Schwartz v. Home Depot U.S.A., Inc.*, 00-CV-5282, 2000 WL 1780245 (calling plaintiffs "cocksuckers" was a mere indignity that did not rise to the level of extreme or outrageous conduct). Because Plaintiff has failed to allege conduct by Defendants comparable to conduct that courts have previously found to be extreme and outrageous, the Court dismisses Count III without prejudice.

*Count IV: Common Law Fraud*

Plaintiff brings a fraud claim on the grounds that Defendant Cornelius Raines allegedly lied that he purchased Plaintiff a home in Texas. Plaintiff alleges that Cornelius also lied that he "lost the home" even though he "sold the property and made a profit." (Dkt. 1 at ¶ 14.) Plaintiff alleges that Cornelius intended to lie to her about this home, that Cornelius intended that Plaintiff rely on these lies, and that Plaintiff did in fact rely on them. (*Id.* at ¶¶ 45–49.)

The elements of a common law fraud claim in Illinois are: "(1) false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance on the statement; and (5) plaintiff's

5

damages resulting from reliance on the statement." *Miller v. William Chevrolet/GEO, Inc.*, 726 N.E.2d 1 (Ill. App. Ct. 2001). To make out a claim for fraud under Illinois law, Plaintiff must plead facts supporting a claim of fraud with a high degree of specificity. *Green v. Rogers*, 917 N.E.2d 450, 460–61 (Ill. 2009).

In the instant matter, Plaintiff does not allege that Defendant Angela Raines made any representations regarding the home at issue. Therefore, Plaintiff has not stated a fraud claim as to Angela Raines. With respect to Cornelius, Plaintiff does not allege any facts indicating that Plaintiff relied on Cornelius's misrepresentations or that she was harmed by those misrepresentations. Plaintiff simply makes bare allegations that Plaintiff relied on Defendants' fraudulent misrepresentations and was thereby injured. (Dkt. 1 at ¶ 29.) Bare allegations of reliance and harm—without any alleged facts describing how reliance and harm occurred—are insufficient to make out a claim for common law fraud. Plaintiff has failed to allege facts supporting a fraud claim with the requisite high degree of specificity, so the Court dismisses Count IV without prejudice.

## CONCLUSION

The Court denies Plaintiff's application to proceed *in forma pauperis* (Dkt. 4), and dismisses Counts II, III, and IV of the complaint (Dkt. 1) without prejudice for failure to state claims upon which relief can be granted. Plaintiff is given two weeks from the entry of this opinion to pay the initial filing fee for this case or the case will be summarily dismissed. If Plaintiff pays the filing fee, she is given three weeks from the entry of this opinion to file an amended complaint that addresses the issues set forth in this opinion regarding Counts II, III, and IV.

_____
Virginia M. Kendall
United States District Judge

Date: January 28, 2020